TEXAS & P. RY. CO. v. TOMLINSON.
(No. 7922.)

(Court of Civil Appeals of Texas. Ft. Worth. April 11, 1914.)

1. CARRIERS (§ 228*) — CARRIAGE OF LIVE STOCK—BURDEN OF PROOF OF INJURY TO STOCK.

Where a shipper of live stock, required by the contract to accompany it, was not afforded an opportunity to do so, the rule that the burden of proof rested on him to show which of the connecting carriers inflicted the injury to the stock complained of did not apply.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

2. CARRIERS (§ 228*)—CARRIAGE OF LIVE STOCK —BURDEN OF PROOF OF INJURY TO STOCK.

Where a carrier of live stock contracted to transport it to designated stockyards, and there deliver it to the consignee, but proceeded without any special request therefor to take the stock to the stockyards by a belt line railway, the belt line railway was but an agency of the carrier to perform the contract, and, the shipper suing for injuries to the stock, did not have the burden of proving which carrier inflicted the injuries.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

Appeal from Stephens County Court; N. N. Rosenquest, Judge.

Action by J. E. Tomlinson against the Texas & Pacific Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 157 S. W. 278.

---

Earl Conner, of Eastland, for appellant. Alexander, Power & Ridgway, of Ft. Worth, for appellee.

CONNER, C. J. Appellee recovered a judgment for the sum of $150 as damages to a car load of cattle shipped by him over the line of the appellant railway company from Cisco to Ft. Worth, Tex. The cattle by the shipping contract were consigned to the Daggett-Keene Commission Company at North Ft. Worth, where it was alleged that appellant accepted the shipment for delivery. The contract was in writing and by the terms thereof appellee was to accompany the shipment and care, for his cattle en route, but the proof shows that after arrival of the train in the west yards of appellant company about 4 o'clock a. m. on the morning of January 17, 1912, in the city of Ft. Worth, the caboose was detached therefrom, and appellee requested to leave it. He did so, ate his breakfast in the city, and then took a street car for the stockyards in North Ft. Worth, where he arrived at about 6 a. m. and found several car loads of other cattle that had been transported by the. same train as his own, but his car of cattle, as shown by the proof, did not arrive, and were not delivered to the consignees until about 9:30 or 10 o'clock of the same day.

We find no error in the court's charge, as complained of in the first assignment, nor in its action in refusing special instructions Nos. 1 and 2, as complained of in the second and. third assignments. The material questions presented are dependent upon whether the evidence supports the charge of negligence on appellant's part. It appears that the cattle were properly transported from Cisco to the west yards of the railway company in Ft. Worth, where they arrived, as before stated, about 4 o'clock a. m. in good condition. There was evidence, however, tending to show that at the time of their delivery to the consignees in North Ft. Worth, they were damaged in an amount equal to the verdict.

[1] Appellant's principal insistence is that it has not been made to appear that the appellant, instead of the Ft. Worth Belt Railway Line, an alleged connecting carrier, inflicted the injury to the cattle. While, as stated, appellee agreed to accompany his cattle, yet he was afforded no opportunity to do so between the west yards of appellant and the point of delivery, and therefore the rule that the burden of proof rested upon the plaintiff to show which of the connecting carriers inflicted the damage has no application.

[2] Moreover, it was shown that the consignees' place of business was in North Ft. Worth; that the appellant company, without special request therefor, proceeded to take the cattle from their west yards, and, further, the transportation on to the Belt Line Railway, which completed the transportation and delivery. It seems evident from a consideration of the contract that it was contemplated that the transportation should be to the stockyards in North Ft. Worth, and that the Belt Line Railway was but an agency of appellants to complete what it had undertaken originally to do. Defendant's special instruction No. 4, placing the burden upon the plaintiff to show which road inflicted the injury, was therefore properly refused.

The evidence undoubtedly tends to show an unexplained delay of some three or four hours after arrival of the cattle in Ft. Worth, and that such delay after transportation as already stated, had a tendency to cause the damage shown, so that the court committed no error in submitting the issue, nor in overruling the motion for new trial on the ground of the insufficiency of the evidence. Nor do we think the court committed error in admitting proof that it was the custom of cattle shippers over the Texas & Pacific Railway to do as plaintiff did do in the present case, viz., under the circumstances stated, to leave the train and go by other conveyance to North Ft. Worth, where cattle shipped for sale on the market were uniformly delivered. This evidence, together with appellant's course hereinbefore adverted to in forwarding the transportation without further request or tender of cattle at any other place, tended to show the construction the parties themselves placed upon the shipping contract, viz., that it was originally contemplated that the transportation should be from Cisco to the stock yards at North Ft. Worth, and there delivered to the consignee.

No other question seems to require a discussion, and it is ordered that all assignments of error be overruled, and the judgment affirmed.